Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 4, 2019

**2019 CO 89**

**No. 14SC282, *Melton v. People*—Proportionality Review—Per Se Grave or Serious Crimes—Habitual Criminal Punishment.**

In this case and two companion cases, the supreme court considers multiple issues that lie at the intersection of proportionality review and habitual criminal punishment.  Consistent with *Wells-Yates v. People*, the lead case, the court holds that: (1) possession of schedule I and II controlled substances is not per se grave or serious; and (2) in determining the gravity or seriousness of the triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively.  Additionally, the court holds that theft is not a per se grave or serious offense.

Because the court of appeals reached different conclusions, its judgment is reversed.  And, because additional factual determinations are necessary to properly address the defendant's proportionality challenge, the case is remanded

with instructions to return it to the trial court for a new proportionality review in accordance with the three opinions announced today.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

**2019 CO 89**

**Supreme Court Case No. 14SC282**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA225

**Petitioner:**

Johnny Maurice Melton,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Reversed**
*en banc*
November 4, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Elizabeth Porter-Merrill, Senior Deputy Public Defender
*Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Assistant Attorney General
*Denver, Colorado*

JUSTICE SAMOUR delivered the Opinion of the Court.
JUSTICE BOATRIGHT concurs in the judgment.
CHIEF JUSTICE COATS dissents.

¶1 In this case and the two companion cases we announce today, *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, and *People v. McRae*, 2019 CO 91, __ P.3d __, we consider issues that lie at the intersection of habitual criminal punishment and proportionality review. Because our decision in *Wells-Yates*, the lead case, contains a detailed discussion of the law governing proportionality review, including in the habitual criminal context, *see Wells-Yates*, ¶¶ 4–28, we do not repeat it here.

¶2 Consistent with *Wells-Yates*, we hold that: (1) possession of schedule I and II controlled substances is not per se grave or serious for purposes of an abbreviated proportionality review; and (2) in determining the gravity or seriousness of triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively.[1] *See id.* at ¶¶ 2, 45, 76. We additionally hold that theft is not a per se grave or serious offense. Theft may be grave or serious, but that determination hinges on the facts and circumstances surrounding the particular crime committed.

---

[1] In this opinion, we refer to the felony convictions for which a defendant was sentenced as "triggering offenses," and to the prior felony convictions on which a defendant's habitual criminal adjudication was based as "predicate offenses."

2

¶3    Because the court of appeals reached different conclusions, we reverse its judgment.[2] And, because factual determinations are necessary to properly address Johnny Maurice Melton's proportionality challenge, we remand with instructions to return the case to the trial court for a new proportionality review in accordance with the three opinions we issue today.

## I. Facts and Procedural History

¶4    Seeking to execute multiple outstanding arrest warrants for Melton in October 2009, three deputies responded to his mother's home shortly before midnight. After locating Melton in the home, they arrested him. During an ensuing search of his person, they recovered a metal tin containing methamphetamine mixed with trace amounts of oxycodone, heroin, and cocaine. Melton then asked the deputies to retrieve a cigarette from a leather jacket on a bed. In one of the jacket's pockets, the deputies found marijuana, as well as methamphetamine mixed with trace amounts of ecstasy and diazepam. A search of the jacket revealed a hypodermic needle containing a suspected narcotic, though that substance was never tested. The prosecution later charged Melton with six substantive drug offenses and three habitual criminal counts.

---

[2] In fairness to our learned colleagues on the court of appeals, today we clarify the law related to the issues on review.

¶5  As relevant here, in October 2010, the jury found Melton guilty of possession of 1 gram or less of each of three schedule I or II controlled substances (methamphetamine, heroin, and oxycodone). Because Melton had previously been convicted of possession of a schedule II controlled substance, each of the three convictions in this case was elevated from a class 6 felony to a class 4 felony. At a subsequent bench trial in December 2010, the court adjudicated Melton a habitual criminal based on his prior felony convictions for possession of methamphetamine, theft, and second degree assault. The court then imposed a mandatory 24-year prison sentence on each of the three triggering offenses (four times the maximum prison term in the presumptive range), *see* § 18-1.3-801(2)(a)(I), C.R.S. (2019), and ordered that the sentences be served concurrently.

¶6  Melton challenged his sentences on proportionality grounds, but after an abbreviated proportionality review, the trial court found no inference of gross disproportionality. Hence, the court determined that Melton's sentences were constitutional under the Eighth Amendment to the U.S. Constitution and article II, section 20 of the Colorado Constitution.

¶7  A split division of the court of appeals affirmed Melton's convictions and sentences, though it remanded the case for correction of a clerical error in the mittimus. *See People v. Melton*, No. 11CA0225, slip op. at 17 (Mar. 6, 2014). In his

4

partial dissent, Judge Berger concluded: (1) that the triggering offenses of possession of schedule I and II controlled substances are not per se grave or serious; and (2) that the predicate offense of theft is not per se grave or serious. *Id.* at 18–30 (Berger, J., dissenting in part). As to the former, Judge Berger acknowledged that our court has previously designated all narcotic offenses as inherently (or per se) grave or serious, but asserted that "it is appropriate, indeed essential," to reassess such designation in light of recent legislative changes to the drug statutes and the habitual criminal statute. *Id.* at 25. As to the latter, he opined that "there are many circumstances in which the conviction of the crime of theft cannot reasonably be said to fall into the same category as other established per se grave or serious offenses." *Id.* at 28.

¶8     Melton filed a petition for certiorari review, which we granted in part.[3]

_____

[3] We granted certiorari to review the following four issues:

1. Whether a drug possession conviction constitutes a grave or serious offense.

2. Whether a court, when conducting an abbreviated proportionality review of a habitual criminal sentence, can consider the General Assembly's subsequent reclassification of a crime and/or amendment of the habitual criminal statute that made an underlying crime inapplicable for purposes of a habitual criminal adjudication.

3. Whether a twenty-four year sentence is cruel and unusual punishment for a drug possession conviction enhanced under the habitual criminal statute where, based upon revisions to the drug statutes and habitual criminal statute, the defendant would not be

## II. Standard of Review

¶9     Whether a sentence is grossly disproportionate and in violation of the Eighth Amendment to the U.S. Constitution and article II, section 20 of the Colorado Constitution is a question of law, not a sentencing decision requiring deference to the trial court. *People v. Mershon*, 874 P.2d 1025, 1035 (Colo. 1994). Therefore, our review is de novo. *Rutter v. People*, 2015 CO 71, ¶ 12, 363 P.3d 183, 187.

## III. Analysis

¶10     Melton maintains that the division erred because, like the trial court, it: (1) considered his triggering offenses of possession of schedule I and II controlled substances to be per se grave or serious; (2) failed to consider relevant legislative amendments enacted after the dates of the triggering and predicate offenses; (3) concluded that his predicate offense of theft is per se grave or serious; and (4) failed to apprehend that his sentences are unconstitutionally disproportionate in violation of the Eighth Amendment and article II, section 20. We consider each contention in turn, though not in this order.

---

eligible for habitual sentencing and would receive a two-year maximum sentence.

4. Whether a theft conviction constitutes a grave or serious offense.

## A. Is the Possession of Schedule I and II Controlled Substances Per Se Grave or Serious?

¶11 Melton contends that possession of schedule I and II controlled substances is not per se grave or serious. We agree. Based on our decision in *Wells-Yates*, we hold that possession of schedule I and II controlled substances is not per se grave or serious. *See Wells-Yates*, ¶ 2. Because the division treated such possession as per se grave or serious, it erred. Therefore, we reverse its judgment.

## B. Should Relevant Statutory Amendments Enacted After the Dates of the Triggering and Predicate Offenses Be Considered During an Abbreviated Proportionality Review?

¶12 Melton asserts that during an abbreviated proportionality review the court should consider relevant legislative amendments enacted after the dates of the triggering and predicate offenses. We agree.

¶13 In *Wells-Yates*, we conclude as follows:

> In determining the gravity or seriousness of the offense during an abbreviated proportionality review, the trial court should consider relevant legislative amendments enacted after the date of the offense, even if the amendments do not apply retroactively. Further, when undertaking this analysis with respect to a habitual criminal sentence, the court should consider any relevant legislative amendments related to the triggering offense and predicate offenses.
>
> That one or more of the offenses involved may previously have been designated per se grave or serious does not alter these conclusions.

*Id.* at ¶¶ 45–46. We reach the same determinations here.

¶14 The legislative amendments to the drug laws and the habitual criminal statute on which Melton relies relate to the classification of and punishment for the possession of schedule I and II controlled substances—i.e., all three of his triggering offenses and one of his predicate offenses.[4] In line with *Wells-Yates*, we conclude that the division should have considered these statutory amendments. *Id.* at ¶¶ 41–47.

¶15 Similarly, the division should have factored in the legislative amendments to the theft statute. At the time of Melton's predicate offense of theft, the crime of theft was classified as a class 4 felony if the value of the thing taken was between $500 and $15,000. *See* § 18-4-401(2)(c), C.R.S. (1997). Today, theft of anything valued at $750 or more but less than $2,000 is a class 1 misdemeanor. *See* § 18-4-401(2)(e), C.R.S. (2019). Although the value of the thing taken during

---

[4] The recent legislative amendments we discuss in some detail in *Wells-Yates* regarding the possession of a schedule II controlled substance, *see id.* at ¶¶ 41–44, apply with equal force to the possession of the schedule I and II controlled substances involved in this case. We add that in 2010, the General Assembly deleted the provision under which Melton's three convictions for the possession of schedule I and II controlled substances were elevated from class 6 felonies to class 4 felonies based on his prior possession conviction. *See* Ch. 259, sec. 3, § 18-18-405(2.3)(a)(II), 2010 Colo. Sess. Laws 1162, 1164. As we mention in *Wells-Yates*, the legislature subsequently reclassified the offense of class 6 felony possession of a schedule I or II controlled substance to a level 4 drug felony; a level 4 drug felony is subject to a presumptive term of imprisonment of 6 to 12 months, which is less severe than the presumptive term of imprisonment of 12 to 18 months applicable to a class 6 felony. *See Wells-Yates*, ¶ 42 (relying on section 18-1.3-401(1)(a)(V)(A), C.R.S. (2019)).

Melton's predicate offense is not clear from the record, there appears to be no dispute that it was $750 or more but less than $2,000. As such, it could no longer subject Melton to imprisonment in the department of corrections, much less serve as a predicate offense in support of a habitual criminal sentence. While such a change in the law is not dispositive of whether Melton's predicate offense of theft is grave or serious, it is relevant to the analysis.

¶16    Because the division failed to take into account the relevant legislative amendments, it erred. We therefore reverse its judgment.

### C. Is Theft a Per Se Grave or Serious Offense?

¶17    Melton argues that theft is not a per se grave or serious offense. We agree.

¶18    At the outset, we recognize that there appears to be support in the caselaw for both sides of this coin. *Compare Mershon*, 874 P.2d at 1032 ("[T]heft has been treated as a serious felony for proportionality purposes when it is one of a variety of prior offenses."), *and Alvarez v. People*, 797 P.2d 37, 42 (Colo. 1990) ("The gravity of [aggravated robbery, theft, and conspiracy to commit aggravated robbery and theft] justified the sentence imposed upon the defendant."), *with Mershon*, 874 P.2d at 1032 ("The crime of theft is of a lesser degree of gravity than crimes involving the sale of narcotic drugs."), *and People v. Gaskins*, 825 P.2d 30, 39 (Colo. 1992) ("None of the underlying crimes [including theft] are intrinsically so grave or serious."), *and People v. McNally*, 143 P.3d 1062, 1064 (Colo. App. 2005) (describing

9

theft as a "nonserious property crime"). But we have never addressed the question squarely. We do so now. For three reasons, we rule that theft is not a per se grave or serious offense.

¶19 First, the recent legislative amendments impacting theft offenses militate against a blanket rule rendering all such offenses per se grave or serious. For example, as mentioned, the General Assembly treats theft of something valued at $750 or more but less than $2,000 as markedly less grave or serious today than it has in the past. This statutory adjustment and others like it constitute the best evidence of the views held by our maturing society, as expressed through its representatives in the legislature. The Supreme Court has reasoned that whether a sentence contravenes the Eighth Amendment requires courts to "look beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'" *Graham v. Florida*, 560 U.S. 48, 58 (2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). And the "clearest and most reliable objective evidence" of these evolving standards "is the legislation enacted by the country's legislatures." *Atkins v. Virginia*, 536 U.S. 304, 312 (2002) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 331 (1989)); *see also Stanford v. Kentucky*, 492 U.S. 361, 370 (1989) ("'[F]irst' among the 'objective indicia that reflect the public attitude toward a given sanction' are statutes passed by society's elected representatives." (quoting

10

*McCleskey v. Kemp*, 481 U.S. 279, 300 (1987))), *abrogated on other grounds by Roper v. Simmons*, 543 U.S. 551 (2005).

¶20    Relatedly, the legislature does not treat all theft felonies equally.  Someone convicted of theft with respect to something worth $1,000,000 or more faces a class 2 felony conviction with a presumptive prison term of 8 to 24 years.  *See* § 18-4-401(2)(j).  On the other hand, someone convicted of theft with respect to something worth $50 or more but less than $300 faces a class 3 misdemeanor conviction with a minimum presumptive penalty of a $50 fine and a maximum presumptive penalty of 6 months in jail, a $750 fine, or both.  *See* § 18-4-401(2)(c); § 18-1.3-501(1)(a), C.R.S. (2019).  Given this ocean of difference, we are disinclined to label all theft offenses per se grave or serious.  *See Wells-Yates*, ¶ 63.

¶21    Second, delineating certain crimes as per se grave or serious has no basis in Supreme Court jurisprudence and is unique to Colorado law.  *See id.* at ¶ 61. Therefore, the label should be used judiciously and deliberately.

¶22    Third, designating a crime per se grave or serious has significant consequences and should be done cautiously.  *Id.* at ¶ 62.  Indeed, doing so "renders a sentence nearly impervious to attack on proportionality grounds."  *Id.* (quoting *Close v. People*, 48 P.3d 528, 538 (Colo. 2002)).  These consequences are exacerbated in the habitual criminal context, where the trial court lacks any discretion at the sentencing hearing—it is required to impose the legislatively

11

mandated sentence. *Id.* The substantial ramifications of designating a crime per se grave or serious compel us in *Wells-Yates* to articulate the following standard:

> [W]e now conclude that the designation of per se grave or serious for purposes of a proportionality review must be reserved for those rare crimes which, based on their statutory elements, necessarily involve grave or serious conduct. Put differently, a crime should not be designated per se grave or serious unless the court concludes that the crime would be grave or serious in every potential factual scenario. Using the designation otherwise is fraught with peril.

*Id.* at ¶ 63. We adhere to this analytical framework here.

¶23 Unlike aggravated robbery, robbery, burglary, accessory to first degree murder and the sale or distribution of narcotics—which we treat as per se grave or serious—theft is not one of those crimes that we can predict with any degree of confidence will *always* be grave or serious. Stated differently, based on its statutory elements, theft does not necessarily include grave or serious conduct. *See id.* at ¶ 71 (reaching a similar conclusion with respect to possession with intent to sell, distribute, manufacture, or dispense narcotics); *see also Solem v. Helm*, 463 U.S. 277, 293 (1983) (noting that theft of a large amount will usually be more serious than theft of a small amount when all other circumstances are equal; thus, "[s]tealing a million dollars is viewed as more serious than stealing a hundred dollars").

¶24 As Judge Berger wisely observed in his partial dissent, there are many circumstances in which theft cannot reasonably be said to belong in the same

12

category as the crimes that are considered per se grave or serious. *See Melton*, slip op. at 28 (Berger, J., dissenting in part). Knowingly obtaining, retaining, or exercising control, through threats, over something worth $1,000,000 owned or possessed by another, with the intent to deprive the other person permanently of the use or benefit of it, belongs in the same category as per se grave or serious crimes. But knowingly obtaining, retaining, or exercising control over something worth $100 owned or possessed by another, without that person's authorization and with the intent to deprive the other person permanently of the use or benefit of it, does not. Although both factual scenarios constitute the crime of theft, they are not both grave or serious for purposes of proportionality analysis.

¶25 Thus, we conclude that theft may be grave or serious. However, whether it is must be an individualized determination premised on the facts and circumstances surrounding the particular crime committed—i.e., based on consideration of the harm caused or threatened to the victim or society and the offender's culpability. *See Wells-Yates*, ¶ 69 (relying on the factors set forth in *Solem*, 463 U.S. at 292, for discerning whether a crime is grave or serious).

¶26 Because the division concluded that theft is per se grave or serious, it erred. We therefore reverse its judgment.

13

## D. Is Melton's 24-Year Sentence for Each Triggering Offense of Drug Possession Unconstitutional?

¶27    Melton asks us to modify the sentence imposed on each triggering offense. We decline to do so. Instead, we conclude that the trial court must conduct a new abbreviated proportionality review. And if the court finds that such review gives rise to an inference of gross disproportionality, it must then perform an extended proportionality review.

¶28    We have determined that all three triggering offenses (for possession of schedule I and II controlled substances) and two of the three predicate offenses (for possession of a schedule II controlled substance and theft) are not per se grave or serious.[5] It follows that the abbreviated proportionality review of each 24-year sentence must entail a refined analysis of the facts and circumstances surrounding these offenses and potentially the predicate offense of second degree assault (if the court determines that it is not per se grave or serious).[6] Given that the trial court is "uniquely suited" to make factual determinations, *see Gaskins*, 825 P.2d at 35, we remand to the court of appeals with instructions to return the case to the trial court

---

[5] Whether the predicate offense of second degree assault is per se grave or serious is not an issue before us, and we do not address it.

[6] Of course, in determining the gravity or seriousness of the triggering and predicate offenses, the trial court should also consider any relevant legislative amendments.

for a new proportionality review in accordance with the three opinions we announce today.

¶29 Once the requisite factual determinations are made, the trial court will have to decide whether each triggering offense and the three predicate offenses, combined, are so lacking in gravity or seriousness as to give rise to an inference that the 24-year sentence is grossly disproportionate. If the answer is yes with respect to any sentence, the trial court must conduct an extended proportionality review of that sentence. If the answer is no with respect to all three sentences, Melton's proportionality challenge must be rejected.

## IV. Conclusion

¶30 We hold that: (1) possession of schedule I and II controlled substances is not per se grave or serious for purposes of an abbreviated proportionality review; (2) in determining the gravity or seriousness of triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively; and (3) in the context of an abbreviated proportionality review, theft is not a per se grave or serious offense. Because the division reached different conclusions, we reverse its judgment. We remand with instructions to return the case to the trial court for further proceedings in accordance with this opinion.

15

**JUSTICE BOATRIGHT** concurs in the judgment.

**CHIEF JUSTICE COATS** dissents.

JUSTICE BOATRIGHT, concurring in the judgment.

¶31 For the reasons stated in my concurrence to *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, also reported by the court today, I concur in the judgment only.

CHIEF JUSTICE COATS, dissenting.

For the reasons articulated in my dissenting opinion in *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, also reported by the court today, I would affirm the judgment of the court of appeals.

I therefore respectfully dissent.