Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us. Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 4, 2019

**2019 CO 91**

**No. 16SC753, *People v. McRae*—Proportionality Review—Per Se Grave or
Serious Crimes—Habitual Criminal Punishment.**

In this case and two companion cases, the supreme court considers multiple
issues that lie at the intersection of proportionality review and habitual criminal
punishment. Consistent with *Wells-Yates v. People*, the lead case, the court holds
that, in determining the gravity or seriousness of triggering and predicate offenses
during an abbreviated proportionality review, the court should consider any
relevant legislative amendments enacted after the dates of those offenses, even if
the amendments do not apply retroactively.

Although the court of appeals reached a similar conclusion, it erred in
failing to recognize that, rather than consider relevant prospective legislative
amendments enacted after the dates of the triggering and predicate offenses, the
trial court actually applied those amendments retroactively. Therefore, its
judgment is reversed. And, because additional factual determinations are

necessary to properly address the defendant's proportionality challenge, the case is remanded with instructions to return it to the trial court for a new proportionality review in accordance with the three opinions announced today.

**2019 CO 91**

**Supreme Court Case No. 16SC753**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA545

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Clifton Eugene McRae.

**Judgment Reversed**
*en banc*
November 4, 2019

**Attorneys for Petitioner:**
Dave Young, District Attorney, Seventeenth Judicial District
Michael Whitney, Deputy District Attorney
    *Brighton, Colorado*

**Attorneys for Respondent:**
Law Office of April M. Elliott, P.C.
April M. Elliott
    *Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.
**JUSTICE BOATRIGHT** concurs in the judgment.
**CHIEF JUSTICE COATS** concurs in part and dissents in part.

¶1　　In this case and the two companion cases we announce today, *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, and *Melton v. People*, 2019 CO 89, __ P.3d __, we consider issues that lie at the intersection of habitual criminal punishment and proportionality review. Because our decision in *Wells-Yates*, the lead case, contains a detailed discussion of the law governing proportionality review, including in the habitual criminal context, *see Wells-Yates*, ¶¶ 4–28, we do not repeat it here.

¶2　　Consistent with *Wells-Yates*, we hold that, in determining the gravity or seriousness of triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively.[1] *See id.* ¶¶ 2, 45, 76. Although the court of appeals reached a similar conclusion, it erred in failing to recognize that, rather than *consider* relevant prospective legislative amendments enacted after the dates of the triggering and predicate offenses, the trial court actually *applied* those amendments retroactively. We therefore reverse the court of appeals' judgment.[2] Further, because additional factual determinations are necessary to properly address

---

[1] In this opinion, we refer to the felony convictions for which a defendant was sentenced as "triggering offenses," and to the prior felony convictions on which a defendant's habitual criminal adjudication was based as "predicate offenses."

[2] In fairness to our learned colleagues on the court of appeals, today we clarify the law related to the issues on review.

Clifton Eugene McRae's proportionality challenge, we remand with instructions to return the case to the trial court for a new proportionality review in accordance with the three opinions we issue today.

## I. Facts and Procedural History

¶3 On July 2, 2013, McRae sold 6.86 grams of methamphetamine, a schedule II controlled substance, for $350 to his girlfriend, who was working as a confidential informant. The prosecution later brought six drug-related charges against McRae, only two of which arose from the July 2, 2013 transaction, and six habitual criminal charges. In August 2014, the jury found McRae guilty of selling or distributing a schedule II controlled substance, a class 3 felony, and possessing drug paraphernalia, a petty offense, in connection with the July 2, 2013 transaction. The jury could not reach a verdict on the four remaining counts and those counts were eventually dismissed. During a subsequent bench trial, the court adjudicated McRae a habitual criminal based on six predicate offenses:

- a class 5 felony for possession with intent to sell or distribute a schedule IV controlled substance in 2000;

- a class 5 felony for attempted theft (between $500 and $15,000) in 2001;

- a class 4 felony for possession of a schedule II controlled substance in 2001;

- another class 4 felony for possession of a schedule II controlled substance in 2001;

3

- a class 3 felony for possession with intent to sell or distribute 25–450 grams of a schedule II controlled substance in 2001; and

- a class 4 felony for possession of a schedule II controlled substance in 2006.

¶4 Before sentencing, McRae advanced a preemptive proportionality challenge, arguing that the 64-year habitual criminal sentence required by law for the triggering offense of selling or distributing a schedule II controlled substance was grossly disproportionate. The trial court conducted a combined hearing during which it addressed the proportionality challenge before proceeding to sentence McRae.[3]

¶5 As part of his proportionality challenge, McRae urged the trial court to consider legislative amendments related to the classification of and punishment for his triggering and predicate offenses, even though the amendments had become effective after the dates of those offenses and had no retroactive application. The trial court agreed that the legislative amendments were relevant. It then focused on the amendments affecting the triggering offense. More specifically, it explained that the sale or distribution of a schedule II controlled substance is no longer an extraordinary risk class 3 felony, which has a presumptive prison term of 4 to 16 years. Rather, noted the court, effective

[3] Whether a defendant may seek and a trial court may conduct a proportionality review before imposition of the sentence is not an issue before us. Therefore, we do not address it.

4

October 1, 2013, approximately three months after McRae's triggering offense, the legislature reclassified that offense as a level 3 drug felony, which is not considered an extraordinary risk crime and which has a presumptive prison term of 2 to 4 years. Thus, observed the court, had McRae committed the triggering offense three months later, he would have faced a 16-year habitual criminal sentence (4 × 4) instead of a 64-year habitual criminal sentence (16 × 4).

¶6 The trial court initially acknowledged that the amendments were not retroactive and were thus "not applicable" to McRae. But it later changed course and determined that they "applie[d]" to McRae. The trial court then reasoned "that the sentencing disparity between 16 and 64 years" was "grossly disproportionate." In other words, rather than compare the gravity or seriousness of McRae's triggering offense and predicate offenses with the harshness of the required 64-year prison sentence, the trial court compared the sentence required by the statutory provisions before they were amended to the sentence required after the amendments. The trial court ultimately ruled that McRae should be sentenced under the amended sentencing scheme. Hence, despite finding that the triggering offense and five of the six predicate offenses (the drug-related predicate offenses) were per se grave or serious, the trial court concluded that the required prison sentence of 64 years raised an inference of gross disproportionality and sentenced McRae to 16 years in prison instead.

5

¶7 The prosecutor inquired whether the court intended to proceed to an extended proportionality review, since it had found that the abbreviated proportionality review gave rise to an inference of gross disproportionality. But the court declined to hold an extended proportionality review. Instead, it arrived at the 16-year sentence at the end of the abbreviated proportionality review.

¶8 The prosecution appealed, and in a published, unanimous decision, a division of the court of appeals upheld the trial court's determination that there was an inference of gross disproportionality. *People v. McRae*, 2016 COA 117, ¶ 1, __ P.3d __. Although the division acknowledged that retroactive application of the statutory amendments "would have been unlawful," it concluded that the trial court had not retroactively applied the amendments. *Id.* at ¶ 17. In so doing, it relied exclusively on the trial court's preliminary observation "that the [amended] statute is not retroactively applicable." *Id.* at ¶ 20. It thus ignored the trial court's final ruling that the legislative amendments applied to McRae's sentence.

¶9 Nevertheless, the division vacated McRae's sentence and remanded the case to the trial court for an extended proportionality review. *Id.* at ¶¶ 28–29. It recognized that such review is required whenever an abbreviated proportionality review gives rise to an inference of gross disproportionality. *Id.*

¶10 The prosecution appealed the division's decision. And we granted the prosecution's petition for certiorari in part.[4]

## II. Standard of Review

¶11 Whether a sentence is grossly disproportionate and in violation of the Eighth Amendment to the U.S. Constitution and article II, section 20 of the Colorado Constitution is a question of law, not a sentencing decision requiring deference to the trial court. *People v. Mershon*, 874 P.2d 1025, 1035 (Colo. 1994). Therefore, our review is de novo. *Rutter v. People*, 2015 CO 71, ¶ 12, 363 P.3d 183, 187.

---

[4] We granted certiorari to review the following two issues:

1. Whether a court, when conducting an abbreviated proportionality review of a habitual criminal sentence for convictions and offenses which all pre-date July 2, 2013, can consider the General Assembly's subsequent reclassification of a crime and/or amendment of the habitual criminal statute to significantly reduce a sentence on a habitual criminal adjudication even though the statute applied to drug felony offenses committed on or after October 1, 2013.

2. Whether the court of appeals erred in remanding the Defendant's case for an extended proportionality review rather than ordering entry of a 64-year habitual offender sentence, applicable at the time the defendant committed the triggering offense and the per se grave and serious controlled substance-related convictions.

# III.  Analysis

## A.  Should Relevant Statutory Amendments Enacted After the Dates of the Triggering and Predicate Offenses Be Considered During an Abbreviated Proportionality Review?

¶12   The prosecution argues that, in determining the gravity or seriousness of a triggering or predicate offense the court should not consider legislative amendments enacted after the date of the offense that have no retroactive application.  We disagree.

¶13   In line with *Wells-Yates*, we conclude that, in determining the gravity or seriousness of the triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively.  *See Wells-Yates*, ¶ 45.  This includes amendments to the classification of and punishment for the offenses in question, as well as amendments to the habitual criminal statute.  *Id.*  The fact that one or more of the offenses involved may previously have been designated per se grave or serious does not alter the analysis.  *Id.* at ¶ 46.

¶14   The division correctly determined that the legislature's current evaluation of the gravity or seriousness of the triggering and predicate offenses should be considered during an abbreviated proportionality review.  *See McRae*, ¶¶ 17–19.

Where we part ways with the division is in its conclusion that the trial court did not improperly apply the statutory amendments retroactively. *Id.* at ¶ 20.

¶15 "Whether statutory revisions apply retroactively 'is a separate and distinct question from whether a defendant's sentence is constitutionally proportionate.'" *Wells-Yates*, ¶ 48 (quoting *Rutter*, ¶ 35, 363 P.3d at 191 (Gabriel, J., dissenting)). Our review of the record reveals that the trial court did precisely what it recognized it could not lawfully do: It applied retroactively the statutory amendments affecting the classification of and punishment for the sale or distribution of a schedule II controlled substance, even though the amendments were enacted after the date of the triggering offense and were intended to apply prospectively. In fact, it expressly ruled that such legislation governed McRae's sentence. Accordingly, the trial court exceeded its authority. *See People v. Stellabotte*, 2018 CO 66, ¶ 29, 421 P.3d 174, 180 (stating that "we apply expressly prospective statutes only prospectively").

¶16 The trial court also appears to have mistakenly viewed the amendments as dispositive of the grave or serious inquiry. While such amendments are relevant, they are not determinative of whether an offense is grave or serious. Instead, they must be analyzed in conjunction with the facts and circumstances surrounding the crime committed. More specifically, they must be considered in combination with the factors that are pertinent to "the culpability of the offender" and "the harm

9

caused or threatened to the victim or society." *Wells-Yates* at ¶ 69 (relying on *Solem v. Helm*, 463 U.S. 277, 292 (1983)).

¶17 Whereas the trial court relied too heavily on the relevant statutory amendments, the prosecution attempts to minimize them, noting that at the time of the abbreviated proportionality review, the triggering offense and five of the predicate offenses (the narcotics-related predicate offenses) were treated as per se grave or serious. However, even where an offense has been designated per se grave or serious, relevant legislative amendments deserve consideration to determine whether the offense should continue to be so designated. If the court finds that the offense should continue to bear such designation, the gravity or seriousness analysis ends—that the offense in the abstract is inherently grave or serious means that the commission of that offense is grave or serious in every potential factual scenario. *Id.* at ¶ 63. On the other hand, if the court finds that the legislative amendments counsel against the offense continuing to have the per se designation, the court must then determine whether, considering those amendments in conjunction with the surrounding facts and circumstances, the specific crime committed is grave or serious.

¶18 Here, like the trial court, the division acknowledged that the triggering offense and five of the predicate offenses had previously been designated inherently (or per se) grave or serious. *See McRae*, ¶¶ 23–24. But instead of

10

assessing whether relevant legislative amendments justified a change in such designation, it found that it was appropriate to analyze the facts and circumstances surrounding each crime in combination with the per se grave or serious designation. *Id.* at ¶ 24. According to the division, "the trial court did not err in considering factors additional to the supreme court's per se grave or serious classification of narcotics offenses." *Id.* We cannot embrace this approach. Once an offense has been designated per se grave or serious, it is improper for the court to engage in further analysis of the gravity or seriousness of a defendant's commission of that offense. To hold otherwise would be to render the per se grave or serious designation meaningless. As we reason in *Wells-Yates*, though, "the designation of per se grave or serious . . . must be reserved for those rare crimes which, based on their statutory elements, necessarily involve grave or serious conduct." *Wells-Yates*, ¶ 63.

¶19 Because the division erred in its analysis, we reverse its judgment. And, because in *Wells-Yates* we conclude that the drug-related offenses of possession and possession with intent should no longer be considered per se grave or serious, additional factual determinations with respect to each of the five narcotics-related predicate offenses are required. More specifically, the abbreviated proportionality review must entail a refined analysis of the facts and circumstances surrounding each of those predicate offenses. Such analysis is also necessary with respect to

11

the other predicate offense (attempted theft).[5]  Given that the trial court is "uniquely suited" to make factual determinations, *see People v. Gaskins*, 825 P.2d 30, 35 (Colo. 1992), we remand to the court of appeals with instructions to return the case to the trial court for a new proportionality review in accordance with the three opinions we announce today.[6]

¶20  Once the requisite factual determinations are made, the trial court will have to consider the triggering offense (which is per se grave or serious) and the predicate offenses together and decide whether, in combination, they are so lacking in gravity or seriousness as to raise an inference of gross disproportionality.  If the answer is yes, the trial court must conduct an extended proportionality review.  If the answer is no, McRae's proportionality challenge must be rejected.

## B.  Did the Division Err in Remanding for an Extended Proportionality Review?

¶21  The prosecution contends that the division erred because it did not order entry of a 64-year prison sentence.  Our conclusion that a new proportionality review by the trial court is required renders this issue moot.

---

[5] In the companion case of *Melton*, we hold that theft is not a per se grave or serious offense. *See Melton*, ¶ 2.

[6] Of course, in determining the gravity or seriousness of the triggering and predicate offenses, the trial court should also consider any relevant legislative amendments.

## IV. Conclusion

¶22    We conclude that, in determining the gravity or seriousness of triggering and predicate offenses during an abbreviated proportionality review, the court should consider any relevant legislative amendments enacted after the dates of those offenses, even if the amendments do not apply retroactively.  Because the division erred in failing to recognize that the trial court improperly applied the relevant statutory amendments retroactively, we reverse.  Further, because additional factual determinations are necessary to properly address McRae's proportionality challenge, we remand with instructions to return the case to the trial court for a new abbreviated proportionality review in accordance with the three opinions we issue today.

**JUSTICE BOATRIGHT** concurs in the judgment.
**CHIEF JUSTICE COATS** concurs in part and dissents in part.

JUSTICE BOATRIGHT, concurring in the judgment.

¶23    For the reasons stated in my concurrence to *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, also reported by the court today, I concur in the judgment only.

CHIEF JUSTICE COATS, concurring in part and dissenting in part.

¶24    For the reasons articulated in my dissenting opinion in *Wells-Yates v. People*, 2019 CO 90, __ P.3d __, also reported by the court today, I would reverse the judgment of the court of appeals and affirm the defendant's sentence.

¶25    Because I concur in that portion of the majority opinion finding error by the court of appeals but not that portion leading it to order remand, I respectfully concur in part and dissent in part.