20CA1600 Peo v Alexander 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1600 City and County of Denver District Court No. 07CR6666 Honorable John W. Madden IV, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Darrick Damon Alexander, Defendant-Appellant. ORDER AFFIRMED Division III Opinion by JUDGE LIPINSKY J. Jones and Gomez, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Philip J. Weiser, Attorney General, Wendy J. Ritz, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Darrick Damon Alexander, Pro Se 
1 ¶ 1 Darrick Damon Alexander appeals the district court’s order denying his motion seeking a change to his sentences to conform to the drug classification and sentencing statutes that were amended after he was convicted and sentenced. We affirm. I. Background ¶ 2 The prosecution charged Alexander with offenses that occurred in 2007. A jury convicted him of second degree assault of a peace officer, a class 4 felony; possession with intent to distribute a schedule II controlled substance, a class 3 felony; and possession of a schedule II controlled substance, a class 4 felony. The court subsequently adjudicated him a habitual criminal based on three prior felonies, and sentenced him to a controlling sentence of sixty-
four years in the custody of the Department of Corrections for the class 3 felony. A division of this court affirmed Alexander’s convictions, and the mandate was issued on May 17, 2016. See People v. Alexander, (Colo. App. No. 10CA0047, Oct. 8, 2015) (not published pursuant to C.A.R. 35(f)). ¶ 3 In July 2020, Alexander filed a pro se motion requesting that the district court adjust or correct his sentences. Specifically, he argued that he was entitled to have his sentences corrected because 
2 legislative changes to the drug and habitual criminal statutes (1) rendered his drug offense convictions no longer felonies; and (2) eliminated habitual criminal aggravation for drug offenses. ¶ 4 The district court denied the motion, finding that, while section 18-1-410, C.R.S. 2021, allows for retroactive application of a significant change in the law, a defendant is only entitled to the benefit of ameliorative amendatory legislation if he seeks such relief before his conviction becomes final. And, because Alexander did not seek that benefit before his conviction became final in May 2016, the court held that the legislative changes did not apply to him. II. Discussion ¶ 5 Alexander contends that he is entitled to have his sentences reduced because (1) his drug offense convictions are no longer felonies but are now drug felonies subject to reduced sentencing ranges; and (2) drug felonies are no longer subject to habitual criminal sentencing. We disagree. ¶ 6 We note initially that, based on his adjudication as a habitual criminal, Alexander’s sixty-four-year sentence for possession with intent to distribute a schedule II controlled substance was 
3 authorized by the statutes in effect when he committed that crime in 2007. See § 18-1.3-401(1)(a)(V)(A), C.R.S. 2007 (providing that the class 3 felony sentencing range is four to twelve years in the custody of the Department of Corrections); § 18-1.3-401(10)(a), (b)(XI), C.R.S. 2007 (providing that possession with intent to distribute is an extraordinary risk crime that increases the presumptive sentencing range maximum by four years); § 18-18-405(1)(a), (2)(a)(I)(A), C.R.S. 2007 (providing that possession with intent to distribute a schedule II controlled substance is a class 3 felony); § 18-1.3-801(2), C.R.S. 2007 (stating that, upon being adjudicated a habitual criminal based on three prior felonies, the court shall sentence the offender to four times the maximum of the presumptive range). A. Retroactivity ¶ 7 Whether a court may apply a statute retroactively is a question of statutory interpretation that we review de novo. People v. Gregory, 2020 COA 162, ¶ 15, 479 P.3d 76, 80 (citing People v. Stellabotte, 2018 CO 66, ¶ 3, 421 P.3d 174, 175). ¶ 8 “[A]meliorative, amendatory legislation applies retroactively to non-final convictions . . . unless the amendment contains language 
4 indicating it applies only prospectively.” Stellabotte, ¶ 38, 421 P.3d at 182 (emphasis added). Courts are bound by statutory language providing that the statute applies prospectively. See People v. Summers, 208 P.3d 251, 257 (Colo. 2009). ¶ 9 In 2013, the General Assembly amended the controlled substance statutes to reclassify drug offenses into different levels of drug felonies and to create a new sentencing scheme for drug felonies. See Ch. 333, secs. 4, 10, §§ 18-1.3-401.5, 18-18-405, 2013 Colo. Sess. Laws 1903-07, 1909-13. However, that legislation expressly provided that those changes only apply to offenses committed on or after October 1, 2013. See Ch. 333, sec. 71, 2013 Colo. Sess. Laws 1943. ¶ 10 Because Alexander committed his offenses in 2007, before the effective date of the new legislation, he is not entitled to the retroactive benefit of this amendment. See Stellabotte, ¶ 3, 421 P.3d at 175; see also People v. McRae, 2019 CO 91, ¶ 15, 451 P.3d 835, 839 (holding that the defendant was not entitled to the retroactive benefit of statutory amendments because “the amendments were enacted after the date of the triggering offense and were intended to apply prospectively”). 
5 ¶ 11 Accordingly, the district court did not err by denying Alexander’s motion. See People v. Glover, 2015 COA 16, ¶ 22, 363 P.3d 736, 741 (holding that we may affirm a district court’s ruling on any grounds supported by the record). ¶ 12 Moreover, an application for postconviction review alleging that “there has been significant change in the law, applied to the applicant’s conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard,” § 18-1-410(1)(f)(I), C.R.S. 2021, only applies if the defendant requests that relief before the conviction becomes final. § 18-1-410(1)(f)(II); see also People v. Cali, 2020 CO 20, ¶¶ 22-24, 459 P.3d 516, 520-21 (holding that, when a defendant does not raise the issue of whether he is entitled to the benefits of amendatory legislation that substantially reduces the penalty for the crime before his conviction becomes final, the trial court is without authority to apply that amendatory legislation to his conviction); Stellabotte, ¶ 33, 421 P.3d at 181 (holding that retroactive application of a significant change in the law to a defendant’s conviction or sentence applies only before the conviction is final); Glazier v. People, 193 Colo. 268, 269, 565 P.2d 
6 935, 936 (1977) (“As we have repeatedly held, a defendant is entitled to the benefits of amendatory legislation when relief is sought before finality has attached to the judgment of conviction.”). B. Drug Felonies Are Subject to the Habitual Criminal Statute ¶ 13 We likewise reject Alexander’s contention that his sentences should be reduced because the 2013 amendments to the habitual criminal statute removed drug felonies from the scope of the habitual criminal sentencing statutes. ¶ 14 First, like the reclassification of drug offenses discussed above, the 2013 amendments to the habitual criminal statute are effective for offenses committed on or after October 1, 2013. See Ch. 333, sec. 36, § 18-1.3-801, 2013 Colo. Sess. Laws 1927-28; Ch. 333, sec. 71, 2013 Colo. Sess. Laws 1943. Thus, any changes to that statute would not apply to Alexander’s convictions. ¶ 15 Second, contrary to Alexander’s contention, those amendments did not remove drug felonies from the scope of the habitual criminal sentencing statutes. See § 18-1.3-801(2)(a)(I), C.R.S. 2021; see also People v. Loris, 2018 COA 101, ¶¶ 38-41, 434 P.3d 754, 759-60 (concluding that drug felony convictions are still subject to habitual criminal sentencing). 
7 III. Conclusion ¶ 16 The order is affirmed. JUDGE J. JONES and JUDGE GOMEZ concur.