23CA0744 Peo v McGee 10-10-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0744
Arapahoe County District Court No. 05CR356
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kenneth Louis McGee,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Richman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 10, 2024

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Kenneth Louis McGee, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Kenneth Louis McGee, appeals the order denying his most recent postconviction motion.  We affirm.

## I.    Background

¶ 2    A jury convicted McGee of distributing a schedule II controlled substance, a class 3 felony.  The trial court adjudicated him a habitual criminal and sentenced him to sixty-four years in prison.  A division of this court affirmed.  *People v. McGee*, (Colo. App. No. 08CA0074, Oct. 11, 2012) (not published pursuant to C.A.R. 35(f)) (*McGee I*).

¶ 3    In 2013, the legislature enacted Senate Bill 13-250, which reclassified certain felony drug offenses and reduced their penalties.  *See* Ch. 333, 2013 Colo. Sess. Laws 1900-44.  The bill expressly applied prospectively.  Sec. 71, 2013 Colo. Sess. Laws at 1943.

¶ 4    In March 2014, McGee filed a pro se Crim. P. 35(c) motion, asserting multiple postconviction claims.  As relevant here, he argued that trial counsel was ineffective for failing "to prepare or request that a proportionality review be completed."  He also claimed that his sentence "constitute[d] cruel and unusual punishment" and requested a proportionality review because his sentence is "disproportionate to the seriousness of the" charged

1

offense. After appointment of counsel, supplemental motions, and a hearing, the postconviction court denied the motion. In doing so, the court considered the 2013 legislation, conducted an abbreviated proportionality review, and found the habitual sentence "is proportional to the grave and serious nature of" McGee's crimes.[1]

¶ 5 McGee appealed but did not reassert his claim that trial counsel was ineffective for failing to seek a proportionality review, or that his sentence constituted cruel and unusual punishment. Nor did he appeal the court's proportionality finding. A division of this court affirmed the denial of the Rule 35(c) motion and concluded that McGee abandoned the claims raised before the postconviction court but not reasserted on appeal. *People v. McGee*, (Colo. App. No. 18CA1396, July 29, 2021) (not published pursuant to C.A.R. 35(e)) (*McGee II*).

¶ 6 In November 2019, the supreme court announced *Wells-Yates v. People*, 2019 CO 90M, *Melton v. People*, 2019 CO 89, and *People v. McRae*, 2019 CO 91 (collectively, *Wells-Yates*), which clarified

---

[1] Though the postconviction court didn't separately address the claim that McGee's sentence constituted cruel and unusual punishment, by finding the sentence proportional, it implicitly rejected that claim.

how courts should conduct proportionality reviews of habitual criminal sentences.

¶ 7    More than three years later, McGee filed a second Rule 35(c) motion.  In it, McGee again requested a proportionality review, arguing, as material here, that *Wells-Yates* established a new substantive rule of constitutional law that applied retroactively, and thus he was entitled to a new proportionality review.

¶ 8    Concluding that *Wells-Yates* didn't create a new substantive rule of constitutional law, the postconviction court denied McGee's motion as successive without appointing counsel or conducting a hearing.

## II.    Discussion

¶ 9    McGee contends that the postconviction court erred by denying his second Rule 35(c) motion as successive because *Wells-Yates* created a new rule of constitutional law that should be retroactively applied to his request for a proportionality review. Because we conclude that the motion is successive, we disagree.

¶ 10    Rule 35(c) allows a defendant to challenge a judgment of conviction on the ground that it was obtained in violation of his constitutional or statutory rights.  *See* Crim. P. 35(c)(2)(I).  But a

defendant is not entitled to perpetual review of his postconviction claims. *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996). Thus, generally speaking, a postconviction court must summarily deny any successive claim. Crim. P. 35(c)(3)(VI)-(VII); *see also People v. Taylor*, 2018 COA 175, ¶ 17 (explaining the language directing a court to deny successive postconviction claims is "mandatory rather than permissive"). A claim is successive if it either "was raised and resolved" or "could have been presented" in a previous appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII); *see Taylor*, ¶¶ 9, 17.

¶ 11　An exception to the successiveness bar applies to claims based on a new rule of constitutional law that was previously unavailable if that rule should be applied retroactively. *See* Crim. P. 35(c)(3)(VI)(b), (VII)(c) (outlining this exception).

¶ 12　We review de novo whether a postconviction claim is successive. *Taylor*, ¶ 8.

¶ 13　McGee first requested a proportionality review in 2014. The postconviction court conducted an abbreviated proportionality review and concluded that McGee's sentence wasn't disproportionate. McGee didn't appeal that finding. *See McGee II*,

slip op. at ¶ 39.  Thus, the proportionality claim was raised and resolved in 2014, which makes it successive.  *See* Crim. P. 35(c)(3)(VI).

¶ 14    Even so, McGee contends that his second request for a proportionality review is excepted from the successiveness bar because *Wells-Yates* announced a new rule of substantive constitutional law that applies retroactively to cases on collateral review.  *See* Crim. P. 35(c)(3)(VI)(b), (VII)(c).

¶ 15    For the reasons explained in *People v. McDonald*, 2023 COA 23 (*cert. granted* Nov. 14, 2023), we disagree that *Wells-Yates* announced a new rule of substantive constitutional law that applies retroactively.  Rather, as *McDonald* explained, *Wells-Yates* announced a new procedural rule that doesn't apply retroactively to final convictions.  *McDonald*, ¶¶ 2, 9, 13, 22-24; *see also Edwards v. People*, 129 P.3d 977, 982 (Colo. 2006) ("[N]ew constitutional rules of criminal procedure do not apply retroactively to cases on collateral review.").  And while we aren't bound by *McDonald*,

*Campbell v. People*, 2020 CO 49, ¶ 41, we are persuaded by

*McDonald*'s reasoning and follow it here.[2]

¶ 16     Thus, the postconviction court properly denied McGee's

second Rule 35(c) motion as successive.[3]  *See McDonald,* ¶¶ 8, 24.

Having so concluded, we reject McGee's corresponding contention

that he was entitled to postconviction counsel.  *See People v.*

*Nozolino,* 2023 COA 39, ¶ 34 ("[T]he statutory right to

postconviction counsel is triggered when the 'motion' or 'petition' is

not wholly unfounded.").

---

[2] We decline McGee's request in his reply brief asking us to defer ruling on his appeal until our supreme court decides *People v. McDonald*, 2023 COA 23 (*cert. granted* Nov. 14, 2023).

[3] Because McGee's conviction was final in 2013, *see Hunsaker v. People*, 2021 CO 83, ¶ 36, the most recent postconviction motion is also untimely, as it was filed past the three-year deadline for such motions.  *See* § 16-5-402(1), C.R.S. 2024 (collateral attacks to convictions for non-class 1 felonies must be filed within three years of the conviction).  And even assuming for argument's sake that we agreed with McGee that the 2019 decisions — *Wells-Yates v. People*, 2019 CO 90M, *Melton v. People*, 2019 CO 89, and *People v. McRae*, 2019 CO 91 — created a new substantive rule of constitutional law that applied retroactively, McGee offers no reason why he waited over four years after those decisions to file his most recent postconviction motion.  Having alleged no justifiable excuse or excusable neglect for the delay in seeking relief, the Rule 35(c) motion is time barred.

¶ 17    Finally, we decline to address McGee's ineffective assistance of appellate counsel claim first raised in his reply brief. *See People v. Cline*, 2022 COA 135, ¶ 75 n.3. To the extent McGee contends he raised that claim in his Rule 35(c) motion, we don't see it.

## III.    Disposition

¶ 18    The order is affirmed.

JUDGE NAVARRO and JUDGE RICHMAN concur.