24CA0537 Peo v Robinson 05-01-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0537
Arapahoe County District Court No. 08CR2799
Honorable Eric B. White, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cordell Dominick Robinson,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE MEIRINK
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Cordell Dominick Robinson, Pro Se

¶ 1    Defendant, Cordell Dominick Robinson, appeals the district court's order denying his most recent postconviction motion without a hearing.  We affirm.

## I.    Background

¶ 2    In 2010, a jury convicted Robinson of multiple charges based on a high-speed chase that occurred in 2008.[1]

¶ 3    In 2010 and 2011, the district court held separate proceedings concerning Robinson's habitual offender status.  Robinson had prior felony convictions in Oklahoma from 2003 for assault with a deadly weapon, eluding, and altering a firearm; he also had a prior Colorado conviction from 2004 for attempted possession of marijuana with intent to distribute, which, at the time of the habitual offender hearing, was a class five felony.  After concluding that the prosecution met its burden of establishing the prior

_____

[1] During the chase, Robinson injured an officer and damaged two patrol vehicles.  He was convicted of first degree assault, second degree kidnapping, second degree assault on a peace officer, attempted second degree assault on a peace officer, vehicular eluding, criminal mischief, third degree assault, resisting arrest, driving under the influence, leaving the scene of an accident, and eluding a police officer.

convictions, the district court adjudicated Robinson a habitual criminal.

¶ 4    A division of this court affirmed Robinson's convictions on direct appeal, and the mandate issued on March 4, 2015. *People v. Robinson*, (Colo. App. No. 11CA2176, July 31, 2014) (not published pursuant to C.A.R. 35(f)) (*Robinson I*).

¶ 5    In 2013, while Robinson's direct appeal was pending, the legislature enacted Senate Bill 13-250, which reclassified certain felony drug offenses and reduced their penalties. *See generally* Ch. 333, 2013 Colo. Sess. Laws 1900-44. The bill expressly applied prospectively. Ch. 333, sec. 71, 2013 Colo. Sess. Laws at 1943.

¶ 6    In July 2015, Robinson filed a pro se Crim. P. 35(b) motion to reconsider his sentences, which he later amended to include Crim. P. 35(a) and 35(c) claims. Robinson argued that his sentence was illegal because, following the enactment of Senate Bill 13-250, his prior marijuana-related felony could no longer be used to adjudicate him a habitual criminal. He also claimed that appellate counsel was ineffective for not arguing that he was entitled to the benefit of

the new legislation or otherwise staying the appeal given the new legislation.[2]

¶ 7     The district court denied Robinson's claims in a combined order without a hearing.

¶ 8     Robinson appealed. A division of this court agreed with Robinson that the district court improperly classified second degree assault and attempted second degree assault as crimes of violence subject to the extraordinary risk sentence enhancer, but it rejected Robinson's other claims, including his argument that his prior marijuana-related felony could no longer be used to adjudicate him a habitual criminal following the enactment of Senate Bill 13-250. *People v. Robinson*, slip op. at ¶¶ 15, 25 (Colo. App. No. 17CA0547, Aug. 6, 2020) (not published pursuant to C.A.R. 35(e)) (*Robinson II*). Specifically, the division held that Robinson was "not entitled to the retroactive benefit of [Senate Bill 13-250] because the General Assembly expressly stated that the amendment applie[d] only

---

[2] Robinson further argued that his sentences for second degree assault and attempted second degree assault were illegal because the district court erroneously applied the extraordinary risk sentence enhancer and the mandatory consecutive sentence provision of the crime of violence statute to both crimes.

prospectively to offenses committed on or after October 1, 2013," whereas Robinson committed his offenses in 2008 and was sentenced in 2011. *Id.* at ¶ 15.

¶ 9    In October 2020, Robinson filed another pro se postconviction motion. He again argued that he was entitled to the benefit of certain legislative amendments, including Senate Bill 13-250. The district court denied the motion "as meritless and successive," concluding that the division in *Robinson II* had "directly addressed and denied Defendant's exact claim." Robinson did not appeal the denial of this motion.

¶ 10    In July 2021, Robinson filed a pro se Crim. P. 35(c) motion. He asserted several ineffective assistance of counsel claims and requested a new proportionality review of his sentence following the announcements of *Wells-Yates v. People*, 2019 CO 90M, *Melton v. People*, 2019 CO 89, and *People v. McRae*, 2019 CO 91. The district court denied the motion as successive and without merit. appeal, a division of this court affirmed, concluding that Robinson's claims were time barred and successive. *People v. Robinson*, (Colo. App. No. 21CA1503, Mar. 16, 2023) (not published pursuant to C.A.R. 35(e)) (*Robinson III*).

¶ 11    In November 2023, Robinson filed the postconviction motion

at issue here, asserting that the supreme court's decision in

*Thomas v. People*, 2021 CO 84, applied to his case.  *Thomas*, the

court held that certain "drug felonies qualify as neither triggering

offenses nor predicate offenses for habitual criminal purposes."  *Id.*

at ¶ 63.  Robinson claimed that, because *Thomas* created a new

substantive rule of constitutional law that was not previously

available, its holding applied retroactively.  Robinson argued that,

under *Thomas*, the habitual criminal portion of his sentence must

be vacated because his prior marijuana-related felony could no

longer be used to adjudicate him a habitual criminal.  Further,

because *Thomas* established a new substantive rule of

constitutional law that applied retroactively, he argued that his

claims were not successive and were excused from the procedural

time bars of section 16-5-402, C.R.S. 2024, and Crim. P. 35(c).

¶ 12    The district court did not hold a hearing and denied

Robinson's motion as time barred, successive and without merit.  It

also explicitly rejected his argument that *Thomas* established a new

substantive rule of constitutional law that should be applied

retroactively.

## II.   Discussion

¶ 13    On appeal, Robinson contends that the district court erred by denying his motion.  He reasserts his claim that his sentence is illegal because his prior marijuana-related felony can no longer be used to adjudicate him as a habitual criminal following the enactment of Senate Bill 13-250.  He also argues that *Thomas* created a new substantive rule of constitutional law that was not previously available and applies retroactively to his case.   And he reasserts that his motion was excused from the timeliness and successiveness Crim. P. 35(c) procedural bars due to the applicability of *Thomas.*  We perceive no error in the district court's denial of his motion.

### A.   Standard of Review

¶ 14    We review the summary denial of a postconviction motion de novo, regardless of whether it is a motion under Crim. P. 35(a) or Crim. P. 35(c).  *See Magana v. People*, 2022 CO 25, ¶ 33 (legality of a sentence); *People v. Gardner*, 250 P.3d 1262, 1266 (Colo. App. 2010) (summary denial of a Crim. P. 35(c) motion).

## B. Analysis

¶ 15    First, we reiterate that the division in *Robinson II* rejected Robinson's claim that his sentence was illegal because his prior marijuana-related felony can no longer be used to adjudicate him a habitual criminal following the enactment of Senate Bill 13-250. *See People v. Tolbert*, 216 P.3d 1, 5 (Colo. App. 2007) (Crim. P. 35(a) claims are subject to the law of the case doctrine, under which courts follow earlier rulings from the same case unless it would result in error, or the rulings are no longer sound due to changed conditions).  Indeed, Senate Bill 13-250 applied only prospectively to offenses committed on or after October 1, 2013.  Ch. 333, sec. 71, 2013 Colo. Sess. Laws at 1943.  Robinson committed his offenses in 2008.  Therefore, Senate Bill 13-250 does not apply to Robinson's case.

¶ 16    Second, assuming without deciding that *Thomas* announced a new substantive rule of constitutional law, we conclude that *Thomas* is not applicable to Robinson's case because it is distinguishable.  In *Thomas*, the supreme court held that the defendant's prior offenses did not qualify as predicate offenses for habitual criminal sentencing purposes because "at the time he

7

committed the triggering offense," his predicate offenses had already been reclassified as level 4 drug felonies. *Thomas*, ¶¶ 60, 65. In contrast, Robinson's marijuana-related predicate offense was not reclassified until years after he committed the triggering offenses and was adjudicated a habitual criminal. In other words, when Robinson committed his triggering offenses, his marijuana-related predicate offense had not yet been reclassified and could still be used to adjudicate him as a habitual criminal. Thus, *Thomas* is not applicable here.

¶ 17     Finally, to the extent Robinson raises a constitutional claim under Crim. P. 35(c), we conclude that any such claim is time barred and successive.

¶ 18     For non-class 1 felony convictions, a district court must deny a Crim. P. 35(c) claim as untimely if the defendant raised the claim more than three years after the defendant's conviction became final. *See* § 16-5-402(1). Where, as here, a defendant filed a direct appeal, the defendant's conviction becomes final upon the issuance of the mandate. *See Hunsaker v. People*, 2021 CO 83, ¶ 36.

¶ 19     Here, the mandate in Robinson's direct appeal was issued on March 4, 2015. Therefore, he had until March 4, 2018, to file Crim.

P. 35(c) claims. He did not file the motion at issue here until 2023, well after the deadline passed. Therefore, any Crim. P. 35(c) claims are time barred.

¶ 20     Crim. P. 35(c)(3)(VI) and (VII) require a court to deny any claims as successive that were raised and resolved in, or could have been raised in, a prior appeal or postconviction proceeding. The language of the rule "is mandatory rather than permissive." *People v. Taylor*, 446 P.3d 918, 921 (Colo. App. 2018). Here, any Crim. P. 35(c) claims raised in this motion were either raised or could have been raised in previous postconviction motions. Therefore, they are successive.

¶ 21     A defendant may be excused from the timeliness or successiveness procedural bars if they can establish that a new substantive rule of constitutional law was announced that was previously unavailable and should be applied retroactively. *See* § 16-5-402(2)(d) (a court may consider the merits of an untimely Crim. P. 35(c) claim if circumstances amounting to justifiable excuse or excusable neglect led to the late filing); *People v. Rainer*, 2013 COA 51, ¶¶ 24-29 (a claim based on a new substantive rule of constitutional law can constitute justifiable excuse or excusable

neglect for a late filing under section 16-5-402), *rev'd on other grounds*, 2017 CO 50; Crim. P. 35(c)(3)(VI)(b), (VII)(c) (an exception to the successiveness bar applies to claims based on a new rule of constitutional law that was previously unavailable if that rule should be applied retroactively).  Robinson argues that *Thomas* supplied such a rule.  However, as discussed, *Thomas* is inapplicable to Robinson's case.  Thus, he has not established an exception to the timeliness or successiveness procedural bars.

¶ 22    For these reasons, we conclude that the district court did not err by denying Robinson's motion.

### III.    Disposition

¶ 23    The order is affirmed.

JUDGE DUNN and JUDGE TOW concur.